**Mike YANG, Plaintiff–Appellee/Cross–Appellant,**

v.

**CITY OF CHICAGO, Defendant–Appellant/Cross–Appellee.**

Nos. 98–4238, 98–4330.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1999.

Decided Nov. 29, 1999.

John Y.E. Lee (argued), Oppenheimer, Wolff & Donnelly, Chicago, IL, for Plaintiff–Appellee/Cross–Appellant.

Julian Henriques (argued), Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Defendant–Appellant/Cross–Appellee.

Before BAUER, COFFEY, and EASTERBROOK, Circuit Judges.

BAUER, Circuit Judge.

This appeal requires the court to determine whether section 9–102 of the Illinois Tort Immunity Act provides for the recovery of attorney's fees against municipalities. Specifically, whether the Illinois Legislature intended to include attorney's fees within its definition of compensatory damages. Because it is unclear what Illinois courts would do under these circumstances and this is an important issue of Illinois law, we certify the issue to the Illinois Supreme Court.

## I.

The following facts are taken from the factual background section of our first opinion in this case.

On January 8, 1991, at approximately 11:00 p.m., Mike Yang ("Yang"), co-owner of a south-side shoe store, received a call from his alarm company notifying him that the store had been burglarized. Yang called his brother, Myung and an employee, Bob. The defendants, uniformed police officers employed by the Chicago Police Department, had already arrived at the store when Yang got there. While Yang and his employee and brother busied themselves with repairing the shattered front display window, Officer Hardin prepared a police report by the front door of the store, adjacent to the broken window. Officer Brown entered the store to investigate. While inside the store looking for a board to repair the window, employee Bob noticed that Officer Brown was perusing the store in the manner of a shoplifter. Bob alerted Yang to this. As Officers Brown and Hardin began to leave, Yang noticed a bulge in Officer Brown's jacket. Believing that Officer Brown had stolen some merchandise, Yang approached the officer and requested that the merchandise be returned. At first, Officer Brown denied that he had taken any merchandise. But after a discussion that escalated into an argument, Officer Brown reached into his jacket and pulled out a pair of "L.A. Raider" shorts and threw them at Yang. Officers Brown and Hardin then proceeded to enter their police car and drive away. When Yang followed, Officer Brown shoved Yang. Throughout the confrontation, Officer Hardin stood by the passenger door of the squad car. He did not speak or intervene in any manner despite Yang's repeated requests for Officer Hardin to call the police sergeant.

In an attempt to prevent Officer Brown from leaving, Yang held onto the driver's side door of the squad car to keep it open so that Officer Brown could not drive off. However, Officer Brown drove anyway, with the driver's side door ajar and Yang hanging onto the car. Officer Brown drove fast and recklessly in a zigzagging pattern, braking and accelerating, in an attempt to throw Yang off. Officer Brown also repeatedly struck Yang in the ribs with his elbow. Yang asserts that he was unable to let go of the car without being run over. Throughout the drive, Officer Hardin sat in the passenger seat. Officer Hardin did not say anything or in any way attempt to intervene. The squad car traveled, with Yang hanging on more than two full city blocks until two men on the sidewalk saw what was happening and ran out to the street to stop the police car. Yang let go when the car stopped. Officer Brown then got out of the car and punched Yang in the face, knocking him to the ground. Meanwhile, Yang's brother, who had run after the squad car, arrived at the scene. Officer Brown knocked Myung Yang to the ground.

Throughout these events, Officer Hardin did not call the sergeant or attempt to stop Officer Brown in any way. However, as the Yang brothers lay in the street, Officer Hardin got out of the passenger seat of the

squad car, drew his gun, pointed it at the brothers and shouted obscenities at them. The Yangs froze. Officers Hardin and Brown got back in the police car and drove away. *Yang v. Hardin*, 37 F.3d 282, 283–84 (7th Cir.1994) (Bauer, J.).

Yang brought suit against Brown and Hardin for violation of his civil rights which have already resulted in two opinions from this court. In *Yang I*, this court reversed the district court, finding that Hardin was liable under both § 1983 for failing to protect Yang from Brown and the state law of torts of assault and false imprisonment. *Yang v. Hardin*, 37 F.3d 282, 285–287 (7th Cir.1994). On remand, the district court awarded Yang compensatory damages in the amount of $185,658.10. *Yang v. City of Chicago*, 137 F.3d 522, 524 (7th Cir.1998). Yang then sought indemnification from either the Brown or Hardin judgments from the City of Chicago under section 9–102 of the Illinois Tort Immunity Act.[1] Section 9–102 provides that:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

745 ILCS ¶ 10/9–102 (1996).

The district court dismissed this petition for indemnification for lack of subject matter jurisdiction.

In *Yang II*, we again reversed the district court, holding that the section 9–102 petition for indemnification was an ancillary proceeding, not a separate lawsuit, and therefore jurisdiction was proper. *Yang II* at 524. Because Hardin was acting within the scope of his employment, we found the City derivatively liable for his judgment. *Id.* at 526. On remand, the district court entered a judgment against the City for $234,671.56 plus $191,628.75 in attorney's fees and $10,774.42 in costs.

The district court relied on two prior decisions of this court in which attorney's fees were awarded. *See Wilson v. City of Chicago*, 120 F.3d 681, 683 (7th Cir.1997); *Argento v. Village of Melrose Park*, 838 F.2d 1483, 1493 n. 15 (7th Cir.1988). However, the awards of attorney's fees in both cases were not challenged and therefore not addressed. Thus, we are now required to determine whether the Illinois Legislature in section 9–102 intended to include attorney's fees within the definition of compensatory damages.

## II.

We have concluded that this case presents a question of state law best left to the Illinois Supreme Court to answer. Circuit Rule 52 provides, in relevant part, that "[w]hen the rules of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, sua sponte or on motion of a party, may certify such a question to the state court in accordance with the rules of that court, and may stay the case in this court to await the state court's decision of the question certified." Certification to the Illinois Supreme Court is proper when "there are involved in any proceeding before [the Seventh Circuit] questions as to the law of this State, which may be determinative of the said cause, and there are no controlling precedents in the decisions of this court...." Ill. Sup. Ct.R. 20. We therefore certify the question raised by this appeal to the Illinois Supreme Court.

## III.

We respectfully request the Illinois Supreme Court to answer the following question of law:

> Does section 9–102 of the Illinois Tort Immunity Act provide for attorney's

---

1. The district court entered a judgment against Officer Brown in the amount of $229,-

658.10. *Yang v. City of Chicago*, 137 F.3d 522, 524 (7th Cir.1998).

fees against municipalities within its definition of compensatory damages?

The Clerk of this Court will transmit the briefs and appendices in this case to the Illinois Supreme Court, together with this opinion. Upon the request of the Illinois Supreme Court, the Clerk will transmit all or any part of the record as that Court so desires.